Morris v. Stuart.

## MORRIS'S ADMS. v. STUART'S ADMS.

Where the equities of the second bill are materially different from the first, although the origin of both are the same. Held the adjudication of the first is no bar to the second.

Where a given number of acres are sold off of the west side of a quarter section of land, the premises should be surveyed into a parallelogram.

Where a given number of acres are sold out of a corner of a quarter section of land, the premises should be surveyed into a square.

IN EQUITY. *Appeal from Des Moines District Court.*

This was a bill in chancery for a specific performance. Decree in the court below for the complainant. The principles decided can be sufficiently gathered from the opinion.

*M. D. Browning,* for the appellant.

*D. Rorer,* for the appellee.

*Opinion by* HASTINGS, C. J. A plea is filed to the bill by two of the defendants, setting up that the subject matter of the bill was adjudicated in a bill filed by Stuart in his lifetime, against Morris during his life, for the conveyance of the same premises. The first bill sets up a contract, partly verbal and partly written, claiming the specific performance of the same for the conveyance of the premises in controversy. The present bill prays for the conveyance of the same premises, except about five acres, charging the defendant as a trustee, in whom existed the mere legal title to the premises, the same having been purchased of the government with Stuart's money, and, for convenience, entered by Morris. The deposition of Derbyshire supports the last bill, but not the first. The equities are materially different. The subject matter, then, of the present bill is not *res adjudicata*, as set up in the pleas. The pleas will therefore be overruled, and the case will be disposed of on the answers of the remaining defendants.

It appears from the deposition of Derbyshire that Stuart, on the 24th day of March, 1840, paid defendants intestate, Morris, $50, to be invested in the entry of a tract of land which Morris and Stuart each had an interest in.   That if Stuart's interest, on an accurate survey, would not require $50, Morris was to refund the surplus ; and if more than that sum, Stuart was to advance a further sum.   We will presume the land was entered at $1 25 per acre, as that was the minimum price of the public lands, and as the defendants have not proved a greater price per acre paid.   Inasmuch as the defendants have not shown that Morris ever tendered or paid back any part of the sum of $50, we infer that Stuart's interest in the land was such that it required that sum at $1 25 per acre to purchase the same, which would prove Stuart's interest to be forty acres.

It seems Stuart claimed more than forty acres, viz. the tract described in the plats attached to the bill, but the survey made on exhibit was not approved by Morris.   We have no data by which to ascertain the exact number of acres which Stuart claimed.   Forty acres, however, are proved to be his right by fair legal presumption.   It is urged in the defense that there is no evidence in support of the averments of the bill, that the premises surveyed were a part of Stuart's original claim, and that there is an impossibility of locating the land by the testimony and exhibits, and of giving it figure and form ; that Morris did never, during his life, recognize any plat or survey as correct.   The premises claimed in the bill, platted in exhibits No. 1, are the premises which are described in a certain deed by Stuart, tendered to Morris for execution, and attached to the first bill as exhibit No. 2, B.   When this deed was tendered to Morris, he found no fault with the description of the premises, but claimed there was a mistake somewhere ; and that there must be another trial.   This declaration, on the inspection of the premises described, proves the location of Stuart's interest, but leaves the number of acres uncertain on account of the mistake alleged.

The fact that Stuart's family burying-ground is on these

premises; that Morris did not repudiate the location, nor object to the survey, and did not tender back any part of the sum of $50; and that the defendants have not, in their answers, denied the averment of the bill, descriptive of Stuart's interest, sufficiently identifying Stuart's lands with premises described in the bill, except as to the number of acres. The only difficulty remaining, is to adopt some rule by which fifty acres may be taken from the surveyed premises consistent with the evidence and the rules of equity.

The following rules have been established by some courts, which by analogy may enlighten us in the difficulties here presented:

1. That when a given number of acres are sold off of the west side of a quarter section of land, the premises shall be surveyed into an oblong square.

2. When a given number of acres are sold out of a corner of a quarter section of land, the premises shall be surveyed into a square.

In this case, therefore, we are of the opinion, that the complainants are entitled to forty acres of land, to be taken off of the westerly side of the south-west quarter of section twenty, in the township described in the bill, not crossing the lines of the survey in exhibit No. 1; and a decree will be entered in this court accordingly.